IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| JAMES THOMAS ROCHE | : | BANKRUPTCY NO.: 5-16-bk-00271-JJT |
| aka James T. Roche, aka James Roche, | : | |
| aka James T. Roche, Jr., aka James | : | |
| Thomas Roche, Jr., aka James Roche, Jr., | : | |
| aka Jim T. Roche, aka Jim Roche, | : | |
| aka Jim T. Roche, Jr., aka Jim Roche, Jr., | : | |
| CHERYL A. ROCHE, aka Cheryl Ann | : | |
| Roche, aka Cheryl Roche | : | |
| DEBTORS | : | |
| | : | |
| CHARLES J. DeHART, III, Standing | : | {**Nature of Proceeding**: Objection to Claim |
| Chapter 13 Trustee | : | No. 1 (Doc. #24)} |
| OBJECTANT | : | |
| | : | |
| vs. | : | |
| | : | |
| LVNV FUNDING, LLC its successors and | : | |
| assigns as assignee of Arrow Financial | : | |
| Services, LLC | : | |
| CLAIMANT | : | |

# OPINION

In this case, the Trustee, Charles J. DeHart, III ("Trustee") has filed an objection to the proof of claim of LVNV Funding, LLC ("Claimant") alleging that the unsecured claim is not enforceable because the statute of limitations has run. The Claimant has defended by saying that its claim was filed before confirmation of the plan, and the Trustee is estopped from challenging the claim after confirmation. The Claimant further alleges that the Trustee in a Chapter 13 does not have standing to challenge the claim under § 1302(b).

The primary argument made by the Claimant is based on a section of the Bankruptcy Code which states:

> (a) The provisions of a confirmed plan *bind* the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C.A. § 1327 (emphasis added).

The Claimant's position appears to emanate from a 5th Circuit opinion holding that "a proof of secured claim must be acted upon 'that is, allowed or disallowed' before confirmation of the plan or the claim must be deemed allowed for purposes of the plan." *Simmons v. Savell (In re Simmons),* 765 F.2d 547, 553 (5th Cir.1985). What followed was an application of this principle in a post confirmation Chapter 11. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1553 (11th Cir. 1990). A review of these authorities, among others, convinced the 11th Circuit that "one of the duties of a Chapter 13 trustee is to 'examine proofs of claims and object to the allowance of any claim that is improper'" and to do so before confirmation of a plan if a claim is invalid. *Hope v. Acorn Fin., Inc.*, 731 F.3d 1189, 1194 (11th Cir. 2013).

The argument that the confirmation of the plan prevents parties in interest from disputing a proof of claim appears to fly directly in the face of 11 U.S.C. § 502(a).

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C.A. § 502

Neither the code nor the rules set forth any deadline to file an objection to a claim.

For those who see a conflict between § 1327 and § 502, we first must apply principles of statutory interpretation. "Under accepted canons of statutory interpretation, we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Boise Cascade Corp. v. U.S. E.P.A.*, 942 F.2d 1427, 1432 (9th Cir. 1991).

For obvious reasons, it always made perfect sense to delay confirmation until the passing of the claims bar date set forth in Federal Rule of Bankruptcy Procedure 3002(c) being no later than 90 days after the first meeting of creditors or 180 days after relief if a government entity. In this way, the debtor, the creditors, and the trustee could better determine whether the mandatary

provisions of § 1322 have been met. This option was eliminated by BAPCPA in 2005 when Congress amended § 1324 and mandated that the confirmation hearing must be held no later than 45 days after the § 341 meeting of creditors. The § 341 meeting must be scheduled no later than 40 days after the order of relief. Federal Rule of Bankruptcy Procedure 2003(a). Doing the mathematics, the confirmation hearing must be held no later than 85 days after the bankruptcy filing, while the non-government claims bar date may be as long as 135 days after case filing.

The conclusion is that confirmation can predate the filing of some or possibly all the claims. This is a very impractical result, but I cannot say it is absurd, which would allow me to write some sort of claims objection deadline into the Bankruptcy Code as was implied by the *Hope* case. *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 330 (3rd Cir. 2006)("A basic principle of statutory construction is that we should avoid a statutory interpretation that leads to absurd results.") Congress apparently envisioned that early confirmation would allow early distribution to claimants who were beneficiaries under the plan. This is not to say that a confirmed Chapter 13 plan cannot effectively modify a claimant's rights should a properly served claimant not object. *In re Szostek*, 886 F.2d 1405, 1408 (3rd Cir.1989). There are, of course, some limitations. See *In re Mansaray-Ruffin*, 530 F.3d 230, 242 (3rd Cir. 2008) regarding the attempted modification of a lien in the absence of the due process protections of an adversary action. In this case, the confirmed plan has been closely examined to determine whether its provisions somehow limit the filing date of objections and I find no such provision.

I find that the Collier treatise has reconciled § 1327 and § 502 perfectly.

> However, in many cases the plan is silent on the amount of the claim. In some courts, confirmation often occurs before the deadline for filing claims. When the terms of the confirmed plan do not deal with amount of a claim, the amount of the claim must be determined through the claims allowance process. Under section 502(a), a claim for which a proof of claim is filed is deemed allowed unless a party in interest objects. Under section 502(b), if a party in interest objects to a claim, the court is to determine the claim. There is no bar date or deadline in the Federal Rules of Bankruptcy Procedure or the Bankruptcy Code

for filing objections to claims, and confirmation of a plan does not create a bar to such objections.

8 Collier on Bankruptcy ¶ 1327.02[2] at 1327-13 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)(footnotes omitted).  In accord, *Morton v. Morton (In re Morton)*, 298 B.R. 301 (B.A.P. 6th Cir. 2003); *IRS v. Kolstad (In re Kolstad)*, 928 F.2d 171, 174 (5th Cir. 1991); *In re Haskins*, No. 15-60644, 2017 WL 394485 (Bankr. W.D.Va. Jan. 27, 2017); *In re Clark*, 551 B.R. 910, 913 (Bankr. N.D.Okla. 2016).

It is for these reasons that I have no trouble giving the Chapter 13 Trustee standing to challenge claims both pre and post confirmation.  Furthermore, I see no *res judicata* bar from challenging a proof of claim after confirmation in the absence of a plan provision specifically addressing a claims objection deadline.  Undoubtedly, the confirmation order is the equivalent of a final judgment.  *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 269, 130 S.Ct. 1367, 1376, 176 L Ed.2d 158 (2010).  Nevertheless, the confirmation procedure and the claims process are two separate mechanisms provided by the code.  *In re Haskins,* 2017 WL 394485 at *7.

Since Claimant did not contest the allegation that the statute of limitation barred collection of the claim, I will sustain the Trustee's objection to the claim.

My Order will follow.

By the Court,

/s/ John J. Thomas

John J. Thomas, Bankruptcy Judge
(CMS)

Date: February 24, 2017